UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE INTERNATIONAL UNION,<br><br>Plaintiff,<br><br>v.<br><br>SKY CHEFS, INC.,<br><br>Defendant. | Case No. 19-cv-03604-JSC<br><br>**ORDER RE: PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 5 |

Plaintiff UNITE HERE International Union filed for a temporary restraining order and preliminary injunction on June 21, 2019 seeking to enjoin Sky Chefs, Inc. from enforcing a "Non-Solicitation and Distribution Policy" regarding union communications on Sky Chefs' property, including the wearing of union lanyards.[1] (Dkt. No. 5.)[2] After careful consideration of the parties' briefing, and having had the benefit of oral argument on June 24, 2019, the Court concludes that an evidentiary hearing is required under the Norris-LaGuardia Act, 29 U.S.C. § 107. *See N. Stevedoring & Handling Corp. v. Int'l Longshoremen's & Warehousemen's Union*, 685 F.2d 344, 350 (9th Cir. 1982) (noting that "[t]he Act covers any labor dispute," and remanding the action to the district court for a TRO hearing, "with live witnesses if requested, with the right of cross-examination, and followed by findings as required by [section] & of the Norris-LaGuardia Act to determine whether an injunction is appropriate.").

In reaching the conclusion that a hearing is warranted, the Court rejects Defendant's reliance on *Ass'n of Flight Attendants, AFL-CIO v. Horizon Air Indus., Inc.*, 280 F.3d 901 (9th Cir. 2002) for the proposition that a private action under the Railway Labor Act ("RLA"), 45

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 8 & 9.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

U.S.C. § 152, in a post-union certification case fails where there is an adequate remedy through arbitration, and thus, Plaintiff cannot demonstrate irreparable harm. (*See* Dkt. No. 11 at 17-18.) In *Horizon Air*, the union filed an action in federal court under the RLA challenging the defendant-airline's policy prohibiting a flight attendant from wearing a union pin on his uniform. The airline moved to dismiss for lack of subject matter jurisdiction because the dispute was within the scope of the collective bargaining agreement and thus constituted a "minor dispute" subject to mandatory arbitration pursuant to the RLA. 280 F.3d at 903. The district court granted dismissal on those grounds, and on appeal the union argued that its flight attendants have a statutory right under the RLA to wear union pins and that federal courts have exclusive jurisdiction over RLA violations. *Id.* at 904.

The Ninth Circuit agreed with the airline. The court held that in post-certification cases arising under the RLA federal courts are without jurisdiction to resolve minor disputes that do "not involve a fundamental attack on the collective bargaining process," or where it is not shown that either the employer's conduct "has been motivated by anti-union animus" or "circumstances exist that significantly undermine the functioning of the union." *Id.* at 905 (internal quotation marks omitted). The court affirmed the district court's dismissal because the facts did "not reveal any 'exceptional circumstances' necessitating judicial intervention, such as a policy motivated by anti-union animus or circumstances that significantly undermine the functioning of the union." *Id.* at 906.

The circumstances here are different. First, *Horizon Air* was addressing the union's argument that it did not have to arbitrate at all and instead the federal court could decide the merits of the dispute. Here, Plaintiff concedes that the arbitrator has exclusive jurisdiction to decide the minor dispute; it is instead asking for a preliminary injunction to ensure that the union does not suffer irreparable harm. Second, to the extent *Horizon Air* can be read as precluding federal jurisdiction to even issue temporary injunctive relief pending arbitration, the court specifically carved out disputes regarding policies "motivated by anti-union animus." *See id.* at 906. Plaintiff's complaint alleges such anti-union animus. (Dkt. No. 1 at ¶ 13 ("Sky Chefs' decision to impose the Solicitation and Distribution Ban and to prohibit union lanyards was motivated by

2

antiunion animus and for the purpose of stifling union communication and gaining unwarranted advantage in the labor dispute.").) The Court is therefore not convinced on the present record that as a matter of law Plaintiff cannot demonstrate irreparable harm.

Accordingly, and as discussed at the June 24, 2019 hearing, the Court will hold a telephone status conference on July 3, 2019 at 10:00 a.m. to discuss the evidentiary hearing scheduled for July 9, 2019 at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: June 26, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge